**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

YVONNE D. BING                  :

       Plaintiff             :

v.                        : Civil Action No.: 06-147
                           : (EGS)
WAL-MART STORES, INC.     :

       Defendant           :

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER FOR FORUM NON-CONVENIENS

COMES NOW the Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP, and pursuant to Federal Rules of Civil Procedure 12(b)(1),(2), and (3) and moves this Honorable Court to dismiss the Complaint filed herein, or in the alternative to transfer this matter to the proper venue, which is the United States District Court for the Eastern District of Virginia (Alexandria Division) and for reasons states:

1.    The matter sub judice is one for personal injuries arising out of an alleged slip and fall located at 5800 Kingstown Boulevard, Alexandria, Virginia 22315 in Fairfax County Virginia. (See Complaint, paragraph 4.)  That the proper forum for this case is the Eastern District of Virginia, Alexandria Division. (See U.S. District Court Rules for the Eastern District of

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE ROAD
VIENNA, VIRGINIA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Virginia local Rule 3.)  Fairfax County is in the Alexandria Division of the Eastern District of Virginia.

2.    The doctrine of forum non-conveniens permits this Honorable Court to transfer this case to the United States District Court for the Eastern District of Virginia Alexandria Division.

WHEREFORE the Defendant, Wal-Mart Stores, Inc., requests this Honorable Court to dismiss the Complaint, or in the alternative to transfer this case to the United States District Court for the Eastern District of Virginia, Alexandria Division.

DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP

Charles E. Gallagher, Jr.
(D.C. Bar No. 366768)
2565 Chain Bridge Road
Vienna, Virginia  22181
(703)255-6667
Fax: (703)299-8548
Attorney for Defendant

### REQUEST FOR HEARING

The Defendant, by and through its attorneys, respectfully requests a hearing on the above Motion should the Court deem one necessary.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE ROAD
VIENNA, VIRGINIA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

_Charles E. Gallagher, Jr._
Charles E. Gallagher, Jr.

## POINTS AND AUTHORITIES

1.    Fed. R. Civ. R. 12(b)(1), (2) and (3).

2.    Carr v. Bio-Medical Applications of Washington, D.C., Inc., 366 A.2d 1089 (D.C. App. 1976).

3.    Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).

4.    See attached Memorandum of Points and Authorities.

_Charles E. Gallagher, Jr._
Charles E. Gallagher Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _7_ day of _February_, 2006, I mailed, postage prepaid, a copy of the foregoing Motion to Dismiss, to:

Aroon Roy Padharia, Esq.
1717 K Street, N.W., Suite 600
Washington, D.C. 20036

_Charles E. Gallagher Jr._
Charles E. Gallagher Jr.

I:\Common\WP\L23\CEG\Bing v Wal-Mart\Pleadings\Motion to Dismiss-Transfer to VA.wpd.ach

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4388

2565 CHAIN BRIDGE ROAD
VIENNA, VIRGINIA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 298-8548

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

YVONNE D. BING                          :
                                        :
        Plaintiff                       :
                                        :
v.                                      : Civil Action No.: 06-147
                                        : (EGS)
WAL-MART STORES, INC.                   :
                                        :
        Defendant                       :

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT WAL-MART STORES, INC.'S
## MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER OF VENUE

### Background

The matter <u>sub judice</u> is one for personal injuries arising

out of an incident that allegedly occurred on or about January 2,

2004, at 5800 Kingstown Boulevard, Alexandria, Virginia 22315 in

Fairfax County Virginia.

There is no nexus with District of Columbia and this action,

and Defendant requests this court to transfer this matter to the

United States District Court for the Eastern District of

Virginia, Alexandria Division.  Fairfax County, Virginia is

located in the Alexandria Division of the United States District

Court for the Eastern District of Virginia.  (<u>See</u> Local Rule 3 of

the United States District Court of the Eastern District of

Virginia.)

There is no nexus with the facts of this case and the

District of Columbia.  Plaintiff alleges she is a resident of the

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP

WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

District of Columbia.  (<u>See</u> Complaint).  Plaintiff alleged that

the wrongs complained of occurred at the Defendant's store in

Fairfax County, Virginia (<u>See</u> Complaint).  All of the witnesses

ostensibly are in Virginia.  There is no indication that any

witnesses are from the District of Columbia.

Defendant respectfully asserts that the District of Columbia

and this Honorable Court have no significant nexus with the

matter <u>sub judice</u> and accordingly this matter should be

transferred to United States District Court for the Eastern

District of Virginia (Alexandria Division), or in the

alternative, the state court of Fairfax County, Virginia, which

is the jurisdiction in which this accident occurred.

**Legal Argument**

**I.    THERE IS NO NEXUS WITH THE DISTRICT OF COLUMBIA AND THE SUBJECT INCIDENT AND THIS HONORABLE COURT SHOULD TRANSFER THIS MATTER DUE TO FORUM NON-CONVENIENS.**

**A.    Improper Venue and Forum Non-Conveniens**

Federal Rule of Civil Procedure 12(b)(3) requires a party to

file a motion raising the issue of improper venue before filing

an answer.  The Defendant has raised the defense of improper

venue and forum non-conveniens in the Answer filed in the

Superior Court before this case was removed to this Honorable

Court.  Rather than file a Motion to Transfer the venue in the

Superior Court with Defendant's initial pleading, Defendant

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP

WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD  VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

$-2-$

elected to file an Answer and Grounds of Defense and Notice of Removal at the same time to this court, and raised in Defendant's Answer the defenses of improper venue and forum non-conveniens so that they may now be argued.

Defendant hereby raises the defense of Rule 12(b)(3) for improper venue. Defendant asserts that when a Defendant moves to dismiss a Complaint under Rule 12(b)(3), Plaintiff bears the burden of establishing that venue is proper. <u>Wood v. Barnett, Inc.</u>, 648 F.Supp. 936 (E.D.Va. 1986). Defendant assert that Plaintiffs cannot assert that this Honorable Court is the proper venue and therefore this matter should be dismissed or transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.

**B.    No Jurisdiction Under D.C. Long-Arm Statute**

The D.C. Long-Arm Statute, codified at D.C. Code, 2001 Ed. §13-423, addresses the specific situations in which a nonresident Defendant may be haled into Court in the District:

**"13-423.   Personal jurisdiction based on conduct.**

**(A) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -**

**(1) transacting any business in the District of Columbia;**

DeCARO, DORAN, SICILIANO, GALLAGHER, & DeBLASIS, LLP

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE ROAD  VIENNA, VIRGINIA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

-3-

**(2) contracting to supply services in the District of Columbia;...**

**(5) having an interest in, using, or possessing real property in the District of Columbia;**

**(6) contracting to insure or acting as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing..."**

Of the seven subsections of this Rule, only the four above even bear analysis. The omitted subsections concern domestic relations or tortious injury inside the District of Columbia, which is clearly not the case here. The "tortious injury" Plaintiff complains of occurred in Virginia. <u>Moskovits v. Drug Enforcement Admin.</u>, 774 F.Supp. 649 (1991) states that the District's long-arm statute requires that the injury complained of be sustained within the District. This Defendant satisfies none of the remaining subsections cited above. Wal-Mart does not conduct any business within the District, nor did the Defendant contract to supply services in the District. Finally, the Defendant has no interest in District real property.

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP

WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD   VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

-4-

Plaintiff's Complaint against Defendant Wal-Mart must be dismissed as there is no personal jurisdiction in the District of Columbia over the Defendant.  Not only does Defendant satisfy none of the requirements of the D.C. Long-Arm Statute, but §13-423(b) requires that, when jurisdiction over a person is based solely upon the Long-Arm Statute, "only a claim for relief arising from acts enumerated in this section may be asserted against him."  This is fatal to Plaintiff's cause.  It is abundantly clear that jurisdiction is not proper in the District of Columbia against this Defendant, and accordingly, the Complaint must be dismissed for lack of personal jurisdiction over the Defendant.

## II.    This Matter Should be Transferred to the Eastern District of Virginia, Alexandria Division, Due to Forum Non-Conveniens

Pursuant to D.C. Code §13-423 (2001 Ed.), "[W]hen any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just."  The landmark Supreme Court decision in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839 (1947) enumerates two categories of factors that a court must consider when entertaining a motion to dismiss based on forum non-conveniens.  The first category involves the private

DeCARO, DORAN, SICILIANO, GALLAGHER, & DeBLASIS, LLP

WASHINGTON BUSINESS PARK 4601 FORBES BOULEVARD SUITE 200 POST OFFICE BOX 40 LANHAM, MD 20703-0040 TELEPHONE: (301) 306-4300 FAX: (301) 306-4988

2565 CHAIN BRIDGE ROAD  VIENNA, VIRGINIA 22181 TELEPHONE: (703) 255-6667 FAX: (703) 299-8548

-5-

interest of the litigant.  Factors within this category "concern the ease, expedition, and expense of trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial."  Id. at 508 (quoted in Carr v. Bio-Medical Applications of Washington, Inc., 366 A.2d 1089, 1092 (D.C. 1976).

The second category of Gulf Oil factors relates to the public interest.  Relevant considerations are "administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local court to interpret the laws of another jurisdiction."  Carr, supra, at 1092.

## A. Plaintiff does not satisfy the private interest factors as enumerated in *Gulf Oil*

This is a premises liability case in which Plaintiff charges that Defendant, Wal-Mart Stores, Inc. was negligent in failing to maintain the premises, leading to her injury when a box allegedly fell off a shelf and hit her foot.  The premises complained of are located in Virginia, as are all potential eyewitnesses.  Any

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP

WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD  VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

-6-

proof of Plaintiff's allegations is located in Virginia.   In
short, all the instruments with which an efficient negligence
trial are conducted are in fact located in Virginia, not the
District of Columbia.

**B.    Plaintiff does not satisfy the public interest factors
        as enumerated in _Gulf Oil_**

Virginia has far more substantial contacts with the matter
sub judice than the District of Columbia.   The public interest
factors include several important issues of public policy.   It is
nonsensical to impose additional litigation on an already-crowded
docket in one jurisdiction when, as here, the cause of action
rightly lies elsewhere.   It likewise is unfair to require a
community substantively unconnected to the tortious conduct to
expend the resources to litigate the matter.   Compelling
individuals from that unconnected community to serve on a jury
deciding the matter runs the risk of gross unfairness to the
defendant.

The Washington metropolitan area is comprised of many
jurisdictions within close proximity to one another, which might
seem to undercut the argument that dismissing a case for forum
non-conveniens will avoid the added burden to parties and
witnesses of long-distance travel.   However, in Dorati v. Dorati,
342 A.2d 18 (D.C. 1975), the court stated: "When a suit has

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP

WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD  VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

-7-

contacts with another jurisdiction far more substantial than those with the forum, and that jurisdiction is equally convenient to both parties, the suit should be heard there.  When a plaintiff ignores a jurisdiction having substantial contacts with his case and which is **not inconvenient** for him, his choice of a forum elsewhere is outweighed by the forum court's interest in clearing its calendar of foreign actions."  Id. at 23.  This is exactly the situation in the instant case.

The only party with any connection at all to the District of Columbia is Plaintiff.  Plaintiff's residence alone is not sufficient to defeat the grant of forum non-conveniens relief.  Though it is a D.C. Court of Appeals decision, the case of Carr v. Bio-Medical, 366 A.2d. 1089 (D.C. 1976) may be instructive to this Honorable Court on the issue of forum non-conveniens.  In Carr, the court held the dismissal on the grounds of forum non-conveniens of a death action arising out of treatment of a D.C. resident in Maryland was not an abuse of discretion where the alleged conduct occurred in Maryland.  The court found the doctrine of forum non-conveniens had been properly invoked and the decision of the trial court was proper in dismissing the action.

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP

WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

-8-

The <u>Carr</u> Court in finding the doctrine of non conveniens had been properly invoked and the decision of the trial Court was proper in dismissing this action, stated:

> "(5,6) On the other hand, appellant relies primarily on her District residence in contending that the lower court erred by dismissing the action. Although appellant's residence is, of course, an important factor to be considered, forum non conveniens relief should be granted when it plainly appears to the trial court that another forum is available, which will best serve the needs of the public interest. To paraphrase the language of Chief Judge Fuld in Silver v. Great American Insurance Company, 29 N.Y.2d 350, 361, 328 N.Y.S. 2d 398, 02-03, 278 N.E. 2d 619, 622 (1972).
>
> The great advantage of the doctrine - its flexibility based on the facts and circumstances of a particular case - is severely, if not completely undercut when our courts are prevented from applying it solely because one of the parties is a (District of Columbia) resident or corporation.
>
> Utilizing the above rationale, we reject any per se rule which would prohibit the application of the doctrine of forum non conveniens whenever one of the parties is a District of Columbia resident. Such an immutable rule is unwarranted and would severely undermine the trial court's broad discretion in such matters."

<u>Carr</u>, *supra*, 366 A.2d. at 1092.

Therefore, where the only nexus to the District of Columbia is Plaintiff's residence, it is proper for this Court to dismiss or transfer this matter.

WHEREFORE, the defendant requests that its Motion be granted and the Court either dismiss or lack of subject matter

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP
———
WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988
———
2565 CHAIN BRIDGE
ROAD   VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

-9-

jurisdiction or transfer the matter to the United States District Court for the Eastern District of Virginia.

                                    DeCARO, DORAN, SICILIANO,
                                    GALLAGHER & DeBLASIS, LLP


                                    _____
                                    Charles E. Gallagher, Jr.
                                    (D.C. Bar No. 366763)
                                    2565 Chain Bridge Road
                                    Vienna, Virginia  22181
                                    (703)255-6667
                                    Fax: (703)299-8548
                                    Attorney for Defendant

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this __7__ day of _February_, 2006, a copy of the aforegoing Points and Authorities was mailed, postage prepaid, to:

            Aroon Roy Padharia, Esq.
            1717 K Street, N.W., Suite 600
            Washington, D.C. 20036

                        _____
                        Charles E. Gallagher, Jr.

I:\Common\WP\L23\CEG\Bing v Wal-Mart\Pleadings\Motion to Dismiss-Transfer to VA Memo Pts Auth.wpd.acb

DeCARO, DORAN,
SICILIANO,
GALLAGHER,
& DeBLASIS, LLP
———
WASHINGTON
BUSINESS PARK
4601 FORBES
BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-
0040
TELEPHONE: (301) 306-
4300
FAX: (301) 306-4988

2565 CHAIN BRIDGE
ROAD   VIENNA,
VIRGINIA 22181
TELEPHONE: (703) 255-
6667
FAX: (703) 299-8548

-10-