Defendant asserts that nowhere does the <u>Shoppers Food Warehouse v. Moreno</u> case prohibit Wal-Mart from requesting this Court to transfer venue to the Eastern District of Virginia since that case did not discuss the doctrine of *forum non conveniens*. Interestingly, as pointed out by the dissent, the prospect of a plaintiff obtaining personal jurisdiction in the District of Columbia should Virginia's standard for long arm jurisdiction be used would be "less promising." 746 A.2 at 339. Indeed, the dissent cited a case from the United States District Court for the Eastern District of Virginia, <u>Chedid v. Boardwalk Regency Corp.</u>, 756 F. Supp. 941, 943 (E.D. Va. 1991) that analyzed the "arising from" transaction that would be necessary for personal jurisdiction.

Wal-Mart asserts for the reasons previously advanced, that remain unopposed by Plaintiff, that venue is more proper in the United States District Court for the Eastern District Court of Virginia as previously ordered by the Court, and that Order should not be disturbed.

5. Moreover, it should be noted that on April 4, 2006 the Court ordered the Plaintiff to file a Motion to Reconsider no later than April 17th, and because no response had been filed by the time the Court issued an Order on April 17th, the matter was formerly transferred to the Eastern District of Virginia and

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____
2565 CHAIN BRIDGE ROAD
VIENNA, VIRGINIA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548